THE PEOPLE OF THE STATE OF NEW YORK ex rel. KAYDEL REALTY Co., INC., Respondent, *v.* WILLIAM STANLEY MILLER, President, and Others, as Commissioners of Taxes of the City of New York, Constituting the Commissioners of Taxes and Assessments of the City of New York, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. VANDALIA REALTY CORPORATION, Respondent, *v.* WILLIAM STANLEY MILLER, as President of the Tax Commission of the City of New York, and Others, as Members of, and Constituting the Tax Commission of Said City, Appellants.

First Department, December 2, 1938.

*Arthur A. Segall* of counsel [*Sophia Battistella* and *William S. Lebwohl* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellants in the first proceeding.

*Edmund S. Bergen*, for the respondent, Kaydel Realty Co., Inc.

*Arthur A. Segall* of counsel [*Sophia Battistella* and *Murray Sendler* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellants in the second proceeding.

*Norman C. Nicholson* of counsel [*George D. Burchell* with him on the brief; *Lewis M. Lawton*, attorney], for the respondent Vandalia Realty Corporation.

TOWNLEY, J. These are proceedings to review relators' real property tax assessments for the year 1938 and the first half of 1939.

The appellants assert that the demand for writs of certiorari to review were made subsequent to June 30, 1938, the date of limitation provided in the old charter of the city of New York (Laws of 1901, chap. 466, § 907, as re-enacted by Laws of 1935, chap. 713), beyond which date writs would not issue. Appellants, therefore, claim that the orders granting the writs must be reversed because the petitions were not timely made. Petitioners justify the issuance of the writs on the claim that the orders were issued prior to October 25, 1938, the date of limitation provided in the new charter of the city of New York which was adopted November 3, 1936, and went into effect January 1, 1938 (§ 166).

Under the old charter of the city of New York, the final determination of the tax commissioners as to assessments of real property was deemed to have been made by February first of any given year. Five months were allowed thereafter in which to bring certiorari proceedings, *i. e.*, until June thirtieth of any year. Under the new charter new dates were provided under which the tax commissioners were bound to act and the date for final determination was fixed at May twenty-fifth of any given year (§ 165). It is also provided that within five months thereafter certiorari proceedings may be brought, but the final date in any given year is October twenty-fourth.

The dispute between the parties arises from the fact that superficially there was in force in 1938 (because of the adoption of the new charter) a limitation date of October twenty-fourth, although the tax assessments sought to be reviewed were fixed under the date schedule of the old charter and not that of the new. The difficulty is easily cleared up, however, by studying the new charter as a whole.

The framers of the new charter decided to begin the first fiscal year as of July 1, 1939. It was obvious to them, however, that there would be difficulty in applying the time schedule established by the new charter, which was based upon a fiscal year beginning July 1, 1939, during the interval between the effective date of the new charter, January 1, 1938, and July 1, 1939. The framers, therefore, devised various so-called " transitory provisions." The new charter provided (§ 952, subd. b) that in the year 1937 an expense budget for the calendar year 1938 " shall be prepared and adopted at the times and in the manner prescribed by and in accordance with the provisions of law in force at the time of the adoption of this charter," *i. e.*, under the old charter. It was also provided that the budget for the first six months of 1939 should be subject to the same provision. The transitory sections also provided for the fixing of the tax rates. Section 952, subdivisions c and d, directs that the tax rate for 1938 and the first half of 1939 shall be fixed at the respective times provided by law in force immediately prior to the time of the adoption of the charter. Section 952, subdivision d, states specifically that " the tax rate shall be fixed upon the assessed valuations as they appear upon the assessment-rolls delivered to the council in March, nineteen hundred thirty-eight." In short, all the administrative acts in relation to the assessments of 1938 and the first half of 1939 were to be performed in accordance with the time schedule provided by the old charter. The only point not specifically mentioned is the period of limitation beyond which writs of certiorari shall not issue.

It was decided at Special Term that the applicable date was October twenty-fifth. We hold that this was error. The Legislature did not intend to grant about nine months in which to bring writs of certiorari to review the assessments for 1938 and the first six months of 1939. Both in the old charter and in the new charter the period of elapsed time to review assessments made under the provisions of one or the other charters is five months. No possible purpose could be served by providing that in the transition year additional time should be given to taxpayers to review their assessments.

It is argued, however, that the court is bound by the simple fact that the new charter, which went into effect January 1, 1938, provided that writs of certiorari must be procured before October twenty-fifth of any calendar year. This argument might have force if there were no other provisions in the new charter from which the intention of the Legislature could be inferred. Section 951 of the new charter provides that it is the purpose " to continue in force all provisions of the Greater New York charter    *    *    *

452

not inconsistent with the provisions of this charter, in force at the time when this charter shall take effect." Section 982 provides in part that all laws " in force when this charter shall take effect are hereby repealed and superseded to the extent that the same *are inconsistent with the provisions of this charter, and no further."* (Italics ours.) When the charter is read as a whole and it is realized that the time schedule provided in the new charter relates to assessments made in the future for a fiscal year beginning July 1, 1939, and thereafter, and that the assessments sought to be reviewed herein were all made under the old charter provisions, it must be concluded that there is nothing inconsistent in applying the limitation date provided in the old charter to review assessments made under the time schedule provided in the old charter. On the contrary, it would be highly inconsistent to hold without any substantial justification that the old charter dates were to be used in fixing the assessments but not to review them. We hold that the date of October twenty-fifth applies only to future tax assessments and has no application to assessments made in accordance with the charter's terms for the transitory period.

The orders should be reversed, each with twenty dollars costs and disbursements, and the motions denied.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

In the first proceeding: Order unanimously reversed, with twenty dollars costs and disbursements, and motion for a writ of certiorari denied.

In the second proceeding: Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.